**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSE CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE,<br><br>Defendant. | Civil Action No. 26-6045 (JXN)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Jose Cruz's ("Plaintiff") civil rights Complaint ("Complaint") filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court previously administratively terminated this matter because Plaintiff failed to pay the applicable filing fee or submit an application to proceed *in forma pauperis* ("IFP"). (ECF No. 4.) Plaintiff has paid the filing fee. As such, the Court orders the Clerk of the Court to reopen this matter and file the Complaint.

The Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), requires this Court to "review, before docketing ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915Ato determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, Plaintiff's Complaint is **DISMISSED** for failure to state a claim on which relief may be granted.

## I. BACKGROUND[1]

Plaintiff is currently housed at Kintock Group in Bridgeton, New Jersey. (*See* ECF No. 7.) Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff does not name a defendant. (*See generally id.*)According to the Complaint, after Plaintiff complained about a fellow inmate threatening him, Plaintiff was transferred from Kintock to Volunteers of America ("VOA"). (*Id.* at 1.) At VOA, Plaintiff was placed in a room with a fellow inmate who was known as a "problem person." (*Id.*) After Plaintiff asked this inmate to stop making noise, the inmate threatened to stab Plaintiff. (*Id.*) The next morning, the inmate filed a grievance accusing Plaintiff of saying inappropriate things to him. (*Id.* at 2.) Plaintiff informed his case manager that the inmate threatened him, and the case manager sent staff to search their room. (*Id.*) Staff found a knife in the inmate's locker. (*Id.*) The inmate was questioned and admitted he lied in the grievance. (*Id.*) The inmate started turning the lights off on Plaintiff, so Plaintiff approached him and "pointed [his] finger at him and told him to stop being ignorant." (*Id.*) The inmate reported Plaintiff slapped him. (*Id.*)

Plaintiff submits that he had filed a lawsuit regarding "violations" at VOP. (*Id.*) Plaintiff claims that because he filed a lawsuit, "they" used the allegation that he slapped the inmate to transfer Plaintiff to Newark Kintock. (*Id.* at 2-3.) Plaintiff seeks monetary compensation.

## II. LEGAL STANDARD

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is

[1] The Court construes the factual allegations of the Complaint as true for the purposes of this screening only.

frivolous, malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, *while pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III. <u>DISCUSSION</u>

The Court construes the Complaint as raising a First Amendment retaliation claim under 42 U.S.C. § 1983. (*See generally* ECF No. 1.) A plaintiff may have a cause of action under § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

### A. <u>Failure to State a Claim</u>

#### 1. Personal Involvement

The Complaint fails to name a defendant. (*See generally* ECF No. 1.)

For liability under § 1983 to attach, a defendant must have personal involvement in a constitutional violation. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff has failed to allege personal involvement by any defendant. Thus, Plaintiff's retaliation claim is dismissed without prejudice as a matter of law because Plaintiff failed to allege personal involvement. *See id.*

## IV. <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's Complaint (ECF No. 1) is **DISMISSED *without prejudice*** in its entirety. The Court shall give Plaintiff thirty (30) days to file an amended complaint curing the deficiencies discussed above. An appropriate Order follows.

**DATED**: 11/2/2026

**JULIEN XAVIER NEALS**
United States District Judge